UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK STORMS, | No. 2:06-cv-01070-MCE-GGH |
| Plaintiff, | |
| v. | <u>MEMORANDUM AND ORDER</u> |
| JAMES CONFORTI, | |
| Defendants. | |

----oo0oo----

Mark Storms ("Plaintiff") brought this fraud, breach of contract, and indemnity action against James Conforti ("Defendant"), seeking in excess of $150,000 in damages. Plaintiff brought the action in this Court based upon diversity jurisdiction under 28 U.S.C. section 1332 as Plaintiff is a citizen of California, Defendant is a citizen of Virginia, and the amount in controversy exceeds $75,000.

///
///
///
///

1

In the present motion, Defendant seeks leave of court to permit late filing of Defendant's Motion for Summary Judgment.[1]

**BACKGROUND**

On August 16, 2006, this Court issued a Pretrial (Status) Scheduling Order.  The Order provided that all dispositive motions be heard not later than August 21, 2007, and filed to allow for proper notice of hearing under the Federal Rules of Civil Procedure and/or Local Rules.  Local Rule 78-230(b) requires motions to be heard not less than twenty-eight days after personal service and filing of the motion, and not less than thirty-one days after mailed or electronic service and filing.

Defendant filed a Motion for Summary Judgment on August 21, 2007.  Shortly thereafter, Defendant's counsel became aware that the Court had stricken the Motion for Summary Judgment because it was not filed in compliance with the Pretrial Scheduling Order. The trial is scheduled for December 19, 2007, and the parties are required to file a Joint Pretrial Conference Statement on October 15, 2007.

Defendant now moves for leave to file his Motion for Summary Judgment.  In essence, Defendant's motion requests this Court amend the Pretrial Scheduling Order to allow the Motion for Summary Judgment to be heard on November 2, 2007.

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

Accordingly, this Motion for Leave shall be treated as a motion to amend the Pretrial Scheduling Order.

**STANDARD**

The Court is normally required to enter a pretrial scheduling order within 120 days of the filing of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Committee Notes (1983 Amendment); Id. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Id. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end. Id. at 609.

///
///

**ANALYSIS**

Defendant argues he relied upon the Notice of Electronic Filing issued on August 16, 2006, which states: "Dispositive Motions due by 8/21/2007."  Defendant requests November 2, 2007, as the new hearing date of the Motion for Summary Judgment. Defendant argues it would be more efficient for the Court to decide the Motion for Summary Judgment because it could dispose of the case before trial.  Plaintiff argues the two Pretrial Scheduling Orders make clear that August 21, 2007, is the latest date motions are to be heard, not filed.  Since Plaintiff's counsel will be in trial on another matter from September 10, 2007 until September 21, 2007, Plaintiff further asserts that granting this motion would not provide Plaintiff with adequate time to respond to Defendant's Motion for Summary Judgment and prepare for the Pretrial Conference scheduled for October 29, 2007.

Defendant has not offered any evidence establishing good cause for his late filing of the Motion for Summary Judgment. Further, Defendant has not shown diligence in complying with the Pretrial Schedule.  Failing to comply with the clear requirements of the Pretrial Schedule because Defense counsel mistakenly relied upon the Notice of Electronic Filing does not establish good cause and demonstrates a lack of diligence.  This is particularly true where the Notice of Electronic Filing, attached to Defendant's reply, was not clear and Defendant could have resolved this issue by simply clicking a link within the e-mail.
///

Defendant did not properly calendar the deadlines set forth in the Pretrial Scheduling Order. This carelessness does not support a finding of diligence and does not warrant amending the Pretrial Scheduling Order.

Further, Plaintiff would be prejudiced by a modification of the order. Plaintiff's counsel will be in trial in the month of September, which was likely scheduled around the timing of the present matter, and Plaintiff will need to prepare for the Pretrial Conference during the period Defendant suggests the Motion for Summary Judgment could be handled.

**CONCLUSION**

Defendant failed to establish good cause for failing to comply with the Pretrial Schedule and did not show diligence in attempting to do so. Accordingly, Defendant's Motion For Leave is DENIED and Defendant's Motion for Summary Judgment will not be heard.

IT IS SO ORDERED.

Dated: October 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

5